IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., | ) Case No. _____ |
| Plaintiff | ) |
| | ) **COMPLAINT** |
| v. | ) |
| PLOWMAN & STANLEY TRENCHING, L.C., | ) |
| Defendant. | ) |

COMES NOW Plaintiff, MCI Communications Services, Inc. ("MCI") and, for its Complaint against Defendant Plowman & Stanley Trenching, L.C. ("Defendant"), alleges and states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff MCI is a Delaware corporation, with its principal place of business in Basking Ridge, New Jersey.

2.      Upon information and belief, Defendant is an Iowa limited liability company with its principal place of business in Adair, Iowa.

3.      Upon further information and belief, the individual members of Defendant are Brian D. Plowman and Richard A. Stanley.  Neither of those individuals is believed to be a resident of Delaware or New Jersey.

4.      The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).  Because diversity of citizenship also exists, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5.      This Court has personal jurisdiction over Defendant because the events giving rise to this action occurred in or near Guthrie Center, Guthrie County, Iowa.

6.      Defendant conducts business in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in or near Guthrie Center, Guthrie County, Iowa.  Venue is therefore proper in this Court, District, and Division pursuant to 28 U.S.C. §§ 95(b)(1), 1391(a), (c).

## BACKGROUND INFORMATION

7.      MCI is a telecommunications company which provides interstate telecommunications services to individual and commercial users.  MCI's telecommunications services are provided through, among other means, a nationwide network of fiber-optic cable, which is buried underground.

8.      By agreement with and/or permission from Lela May Schwartz Trustee of the Lela May Schwartz Revocable Trust ("Schwartz"), MCI possesses the right to construct, operate, maintain and reinstall a fiber-optic cable system in the private right-of-way at or near the intersection of School Street and Noah Avenue in or near Guthrie Center, Iowa.  By virtue of this agreement and/or permission, MCI is entitled to undisturbed possession of that right and of the area of the right-of-way in which MCI has installed and operates its fiber-optic cable system.

9.      In accordance with this agreement and/or permission from Schwartz, MCI installed, and was operating, a fiber-optic cable (the "Cable") in the private right-of-way at or near the intersection of School Street and Noah Avenue in or near Guthrie Center, Iowa.  MCI had a materially valuable interest in the physical condition, quality, and use of the Cable.

## FIRST CLAIM FOR RELIEF - TRESPASS

10.      MCI adopts and incorporates by reference all allegations contained in Paragraphs 1 through 9 above.

11.     Upon information and belief, on November 16, 2011, Defendant was without the knowledge or consent, and against the will of MCI, excavating with mechanized equipment to install drain tile at or near the intersection of School Street and Noah Avenue in or near Guthrie Center, Iowa.

12.     Upon information and belief, on November 16, 2011, without MCI's knowledge or consent, and against MCI's will, Defendant severed the Cable while excavating with mechanized equipment as described in Paragraph 11 above.  At the point where it was severed, the Cable was buried within the private right-of-way pursuant to MCI's agreement with and/or permission from Schwartz.

13.     As a result of the actions and/or omissions of Defendant, MCI has sustained disturbance to its right of use or servitude and damage to and loss of use of its property, which have resulted in actual damages to MCI in excess of $75,000.00, including, but not limited to, direct and indirect costs of repairs, and the loss of the use of the Cable.

14.     The actions of Defendant were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences.

15.     Defendant is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

WHEREFORE, MCI prays this Court grant judgment in its favor against Defendant on MCI's First Claim for Relief, awarding MCI actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendant for its actions; interest thereon as allowed

by law; all costs of this action; and such other and further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF- NEGLIGENCE

16.    MCI adopts and incorporates by reference all allegations contained in Paragraphs 1 through 15 above.

17.    Upon information and belief, Defendant acted negligently on or about November 16, 2011.  This negligent conduct included, but is not limited to, the following:

a.    Failing to provide notice of excavation to the notification center at least forty-eight hours prior to commencing excavation as required by Iowa Code § 480.4(1)(a);

b.    Failing to determine the approximate location of all underground utility facilities in the area of proposed excavation before beginning excavation;

c.    Failing to determine the exact location of all underground utility facilities in the area of the proposed excavation when the excavation approached the approximate location of those excavations;

d.    Failing to plan the excavation to avoid interference with, or damage to, underground utility facilities;

e.    Failing to take adequate measures to ensure the Cable would not be damaged during the excavation work described in Paragraph 11 above;

f.    Failing to avoid the use of a power operated or power driving excavating equipment within 18 inches, horizontally, of the Cable;

g.    Failing to adequately train its employees involved with the excavation with respect to the applicable statues, regulations, and industry standards regarding

excavation in the area of underground utilities, including, but not limited to, the provisions of Iowa Code § 480.4;

h.  Failing to adequately supervise its employees and ensure that they complied with all applicable statues, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Iowa Code § 480.4;

i.  Failing to use due care when excavating in and around buried fiber-optic cable; and

j.  Failing to adhere to applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they related to the protection of underground utilities.

18.  As a result of the actions and/or omissions of Defendant, MCI has sustained damage to and loss of use of its property which have resulted in actual damages to MCI in excess of $75,000.00, including, but not limited to, direct and indirect costs of repair, and the loss of the use of the Cable.

19.  The actions of Defendant were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences.

20.  MCI alleges that Defendant's aforementioned acts and/or omissions constitute negligence per se and that said acts and/or omissions were a direct and proximate cause of MCI's damages.

21.     Defendant is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

WHEREFORE, MCI prays this Court grant judgment in MCI's favor against Defendant on MCI's Second Claim for Relief, awarding MCI actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendant for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

Date:  May 16, 2016

/s/ William J. Miller

William J. Miller (AT0005414)
Brian A. Melhus (AT0011421)
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa 50309-2790
Tel:  (515) 283-1000
Fax:  (515) 283-1060
E-mail:  miller.william@dorsey.com
            melhus.brian@dorsey.com

Anthony J. Jorgenson, *pro hac vice pending*
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
100 North Broadway
Suite 2900
Oklahoma City, OK 73102-8865
Tel:  (405) 553-2845
Fax:  (405)-553-2855
E-mail:  ajorgenson@hallestill.com

**ATTORNEYS FOR PLAINTIFF MCI
COMMUNICATIONS SERVICES, INC.**

Original filed.

2684378.1:915100:00785

- 6 -